WALLNER et al., Appellants,

v.

THORNE et al., Appellees.

[Cite as *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 09CA0053–M.

Decided May 17, 2010.

Brian J. Williams, for appellants.

Gregory W. Happ, for appellees.

CARR, Judge.

{¶ 1} Plaintiffs-appellants, Deborah Wallner and Patricia Barker, appeal the judgment of the Medina County Court of Common Pleas, Probate Division. This court affirms.

## I

{¶ 2} James and Joyce Thorne were the parents of Deborah Wallner, Scott Thorne, and Barbara Thorne. James was also the father of Patricia Barker and Michael Thorne. James and Joyce had reciprocal wills. They jointly created an inter vivos trust ("the Thorne Family Trust"), which was funded with their combined assets. Joyce predeceased James. James's will bequeathed his entire estate to the Thorne Family Trust. The trust provided that upon James's death, the trust proceeds were to be divided equally among Deborah, Patricia, Scott, and Barbara. There was no provision made for Michael. After James died, his will was admitted to probate. An amendment to the trust, purportedly executed by James on November 8, 2007, forms the basis of the dispute in this case. The trust amendment deletes Deborah as a successor trustee and provides for equal distribution of the trust proceeds upon James's death to only Scott and Barbara.

{¶ 3} On July 30, 2008, Deborah and Patricia filed a complaint against Barbara, Michael, and Scott, in his capacity as both successor trustee to the Thorne Family

Trust and fiduciary to the estates of James and Joyce Thorne. The plaintiffs sought to contest their father's will and to set aside the amended trust agreement for fraud, undue influence, and/or duress. Deborah and Patricia demanded a jury to hear their claims. On August 15, 2008, Deborah and Patricia filed an amended complaint, alleging one claim for a will contest and one claim for a declaration of rights under the Thorne Family Trust. On September 2, 2008, Scott and Barbara filed an answer and counterclaim for a declaration of the validity of the Thorne Family Trust, as amended. Deborah and Patricia never filed an answer or other responsive pleading to the counterclaim.

{¶ 4} After the initial pretrial, the probate court ordered Deborah and Patricia to post a deposit in the amount of $1,500 not later than December 3, 2008, for costs associated with their request for a jury. The court further ordered the plaintiffs to brief the issue of whether they are entitled to a trial before a jury on their declaratory-judgment claim within 45 days. The court ordered that the defendants would have 15 days to file a responsive brief. The plaintiffs failed to file a brief regarding the jury issue. Plaintiffs' counsel failed to appear at the December 3, 2008 pretrial. Plaintiffs further failed to deposit $1,500 to secure the costs of summoning a jury venire. The probate court found that the plaintiffs, therefore, had waived any right to a jury trial on all issues.

{¶ 5} On June 12, 2009, Scott and Barbara filed a joint motion for summary judgment. Deborah and Patricia filed a memorandum in opposition to the motion for summary judgment. The plaintiffs conceded in their memorandum that James's last will and testament, dated April 5, 2001, is valid. The plaintiffs further asserted that the only remaining issue for determination was the validity of the November 8, 2007 amendment to the Thorne Family Trust. Scott and Barbara filed a motion to strike an exhibit from the plaintiffs' memorandum in opposition to their motion for summary judgment. The probate court granted the motion and ordered Exhibit 2, attached to the plaintiffs' memorandum, stricken.

{¶ 6} On July 17, 2009, Deborah and Patricia filed a motion to amend their complaint. Scott and Barbara opposed the motion to amend the complaint. The trial court denied the motion.

{¶ 7} On July 31, 2009, the probate court issued a judgment entry granting summary judgment in favor of Scott and Barbara. Deborah and Patricia filed a timely appeal, raising three assignments of error for review.

## II

## ASSIGNMENT OF ERROR I

The denial of appellants' motion to amend their complaint was erroneous and prejudicial.

■ {¶ 8} Appellants argue that the probate court erred by denying their motion to amend their complaint. This court disagrees.

{¶ 9} Civ.R. 15(A) provides:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.

■ {¶ 10} The decision to grant or deny a motion to amend a complaint lies in the discretion of the trial court and will not be reversed absent an abuse of discretion. *State ex rel. Askew v. Goldhart* (1996), 75 Ohio St.3d 608, 610, 665 N.E.2d 200, citing *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 576, 589 N.E.2d 1306. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse-of-discretion standard, this court may not substitute its judgment for that of the trial court. Id.

{¶ 11} The Ohio Supreme Court has held that " '[w]here a motion for leave to amend is not timely tendered and no reason is apparent to justify the delay, a trial court does not abuse its discretion in refusing to allow the amendment.' " *State ex rel. Smith v. Adult Parole Auth.* (1991), 61 Ohio St.3d 602, 603–604, 575 N.E.2d 840, quoting *Meadors v. Zaring Co.* (1987), 38 Ohio App.3d 97, 99, 526 N.E.2d 107.

{¶ 12} In this case, the plaintiffs filed their first amended complaint as allowed by Civ.R. 15(A). Almost a year later and after the defendants had filed a motion for summary judgment and the plaintiffs responded in opposition, the plaintiffs moved to amend their complaint a second time one business day before the probate court was scheduled to rule.

{¶ 13} The proposed amended complaint does not allege any new claims raised as a result of discovery. Rather, the plaintiffs merely alleged more particularized facts in support of their declaratory-judgment claim. The trial court found that the plaintiffs failed to justify their delay in moving to amend the complaint. The plaintiffs based their more specific factual allegations on the purported report of a handwriting analyst; however, they delayed filing their motion to amend for more than six weeks after they received the report. Had the plaintiffs acted in a timely manner, they could have filed their motion to amend weeks before the defendants moved for summary judgment. Instead, they moved to amend

immediately prior to the probate court's scheduled ruling on the motion for summary judgment.

{¶ 14} The plaintiffs argue that the defendants failed to show how they would have been prejudiced by the amendment to the complaint. The defendants, however, argued below that any amended complaint would require them to reassert their counterclaim, giving the plaintiffs the ability to cure their earlier failure to file a responsive pleading to the counterclaim. The defendants argued that their own claim would then be prejudiced by the plaintiffs' ability to circumvent the requirements of Civ.R. 12(A)(2).

{¶ 15} The trial court denied the motion to amend upon finding that it served only to unduly delay the court's ruling on the motion for summary judgment. Given the timing of the motion to amend, and the lack of reason to justify the delay, the trial court did not abuse its discretion by denying the motion to amend. Appellants' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

The trial court improvidently granted the motion to strike discovery material.

{¶ 16} Appellants argue that the trial court erred by granting the defendants' motion to strike an unsworn and unsigned report, appended to their opposition to the motion for summary judgment. This court disagrees.

{¶ 17} This court has stated that "[a] trial court's decision to grant a motion to strike will not be overturned on appeal absent an abuse of discretion." *Nationwide Life Ins. Co. v. Kallberg,* 9th Dist. No. 06CA008968, 2007-Ohio-2041, 2007 WL 1238609, at ¶ 20, quoting *Matthews v. D'Amore,* 10th Dist. No. 05AP–1318, 2006-Ohio-5745, 2006 WL 3095817, at ¶ 25. Moreover, because the trial court retains broad discretion in the admission or exclusion of evidence, an appellate court will not overturn the trial court's ruling on a motion to strike in the absence of material prejudice to the appellant. *Kallberg* at ¶ 20.

{¶ 18} Civ.R. 56(C) sets forth an exclusive list of the evidentiary materials a court may consider when determining how to rule on a motion for summary judgment. Specifically, the court may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "However, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is 'accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E).' " *Countrywide Home Loans, Inc. v. Rodriguez,* 9th Dist. Nos. 03CA008345 and 03CA008417, 2004-Ohio-4723, 2004 WL 1969319, at ¶ 9, quoting

*Modon v. Cleveland* (Dec. 22, 1999), 9th Dist. No. 2945–M, 1999 WL 1260318. As a general rule, a trial court abuses its discretion when it considers evidence that has been improperly submitted in support of, or in opposition to, a motion for summary judgment. *Kallberg* at ¶ 20. The trial court retains discretion to either consider or ignore improper Civ.R. 56 evidence, however, when there has not been any objection to the evidence. *Stoll v. Gardner,* 182 Ohio App.3d 214, 2009-Ohio-1865, 912 N.E.2d 165, at ¶ 24.

{¶ 19} The probate court ordered stricken an unsigned and unsworn report of plaintiffs' purported expert. Plaintiffs argue that the report nevertheless constitutes proper Civ.R. 56 evidence because it was attached to their supplemental response to the defendants' request for production of documents. The supplemental response was neither an answer to an interrogatory nor a sworn statement. Moreover, the report was not incorporated by reference into an affidavit or accompanied by a personal certification that the report was genuine. Accordingly, the exhibit did not constitute proper Civ.R. 56 evidence and was properly stricken from the plaintiffs' opposition to the motion for summary judgment.

{¶ 20} Plaintiffs further argue that the probate court erred by prematurely ruling on the motion to strike in contravention of the Medina County Local Rules of Practice. Loc.R. 78.1(III)(A) states that an opposing party must serve its responsive memorandum to any motion within 14 days of when the moving party certified that service of the motion was made. The probate court ruled on the defendants' motion to strike only 11 days after it was served on the plaintiffs.

{¶ 21} Different standards of review have developed in regard to a trial court's failure to comply with its local rules when ruling on motions. In cases where the local rule is merely administrative, is designed to facilitate case management, and does not implicate constitutional rights, the trial court is not bound to comply with it. See, e.g., *Smith v. Conley,* 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, at ¶ 6–10. In other situations, this court has recognized that a trial court has discretion in regard to its enforcement of local procedural rules when the peculiar circumstances of the case warrant deviation from the local rule. See, e.g., *Yanik v. Yanik,* 9th Dist. No. 21406, 2003-Ohio-4155, 2003 WL 21804802, at ¶ 8–11. However, when the trial court's failure to comply with local rules implicates issues of due process, depriving a party of a "reasonable opportunity to defend" against the disposition of the case in favor of the other party, the trial court is bound to comply with its local rules. See, e.g., *Hillabrand v. Drypers Corp.* (2000), 87 Ohio St.3d 517, 518–520, 721 N.E.2d 1029. Where due process rights are implicated, but the trial court's premature ruling does not dispose of the ultimate issue in the case, this court has placed the burden on the aggrieved party to show not only that the trial court failed to comply with its local rule, but also that the party was prejudiced by that failure.

*In re J.B.*, 9th Dist. Nos. 03CA0024–M and 03CA0025–M, 2003-Ohio-4786, 2003 WL 22093226, at ¶ 16. Because the trial court's premature ruling in this case implicates due process considerations, but does not dispose of the underlying claims, plaintiffs maintain the burden of demonstrating that they were prejudiced by the trial court's failure to comply with the responsive time limits in Loc.R. 78.1(III)(A).

{¶ 22} Civ.R. 56(C) states: "No evidence or stipulation may be considered except as stated in this rule." In this case, the unsigned expert's report, which was not incorporated into an affidavit or other sworn document, did not constitute proper Civ.R. 56(C) evidence. Because plaintiffs did not demonstrate that Exhibit 2, the unsigned and unsworn expert's report, appended to their opposition to the motion for summary judgment, constituted proper Civ.R. 56(C) evidence, they failed to demonstrate any prejudice as a result of the trial court's premature ruling on defendants' motion to strike.

{¶ 23} Finally, plaintiffs argue that they corrected any evidentiary deficiencies by subsequently attempting to submit their expert's affidavit. They failed, however, to move the trial court for a continuance of its timely ruling on the motion for summary judgment pursuant to Civ.R. 56(F).

{¶ 24} Civ.R. 56(F) provides that a trial court "may order a continuance to permit affidavits to be obtained" when the party opposing the motion for summary judgment has been unable to "present by affidavit facts essential to justify the party's opposition." This court has held that "[a] party needing evidence to oppose a motion for summary judgment, but 'who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve his rights under the rules for purposes of appeal.'" *Jackson v. Walker*, 9th Dist. No. 22996, 2006-Ohio-4351, 2006 WL 2422561, at ¶ 17, quoting *R & R Plastics, Inc. v. F.E. Myers Co.* (1993), 92 Ohio App.3d 789, 798, 637 N.E.2d 332. By failing to move the trial court for a continuance pursuant to Civ.R. 56(F) prior to the trial court's ruling on the motion for summary judgment, plaintiffs failed to preserve for appeal any argument that they could justify their opposition to the motion for summary judgment with an affidavit.

{¶ 25} For the reasons stated above, plaintiffs' second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

Notwithstanding the adjudication of the motion to strike, genuine disputed issues of material fact existed thereby precluding granting summary judgment.

{¶ 26} Plaintiffs argue that the probate court erred by granting summary judgment in favor of the defendants. This court disagrees.

{¶ 27} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. This court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 28} Pursuant to Civ.R. 56(C), summary judgment is proper if

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 29} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

{¶ 30} In their counterclaim, the defendants sought a declaration that the Thorne Family Trust, as amended, was valid. The plaintiffs sought a declaration that the amendment to the trust was invalid on the grounds of fraud, duress, and/or undue influence. The plaintiffs also had a will-contest claim, but they conceded in their opposition to the motion for summary judgment that the will was valid. Accordingly, no genuine issue of material fact existed in regard to the validity of the will, and the probate court did not err by granting summary judgment in favor of the defendants on that claim.

{¶ 31} The plaintiffs first argue that a consideration of their expert's report indicates that genuine issues of material fact exist in regard to whether James actually signed the amendment to the trust or whether the defendants fraudulently misrepresented that he signed it. The expert's report was stricken from consideration of the motion for summary judgment. This court concluded that

the trial court did not err in striking that exhibit. Accordingly, plaintiffs' argument in this regard is not well taken.

{¶ 32} Plaintiffs next argue that the probate court improperly weighed the evidence in favor of the defendants when it granted summary judgment in their favor. Specifically, they argue that the affidavits submitted by the defendants in support of their motion do not "override any particular averment of [the plaintiffs]" which they made in their complaint. Plaintiffs misunderstand the summary-judgment mechanism, particularly their reciprocal burden.

{¶ 33} In support of their motion for summary judgment, the defendants presented the affidavit of the notary who acknowledged that James signed the trust amendment and did so of his own free will. The notary averred that she engaged in conversation with James prior to his signing the amendment and found him to be coherent. The defendants presented the affidavit of a man who witnessed James sign the trust amendment without the assistance or encouragement of any other person. Scott appended his own affidavit in which he averred that James requested that he retrieve a document from his attorney and bring it to him to sign. Scott averred that he witnessed his father sign the trust amendment and that he signed of his own free will. Barbara also submitted an affidavit in which she averred that Deborah and Patricia had had almost no contact with James for a long time and, therefore, had no personal knowledge regarding his intent and desire on the date James signed the amendment. Accordingly, the defendants presented evidence to meet their initial burden of showing that James signed the trust amendment and did so of his own free will. Thereafter, the plaintiffs assumed the reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. See *Tompkins*, 75 Ohio St.3d at 449, 663 N.E.2d 639.

{¶ 34} The plaintiffs appended only Scott's answers to interrogatories in support of their argument that Scott caused the amended trust documents to be prepared. Scott did not make such a statement in his answers to the plaintiffs' interrogatories. Rather, he swore that his father's attorney prepared the documents and that he (Scott) merely brought them to James in the hospital where he was recovering from the amputation of his leg. The plaintiffs presented no evidence regarding who had requested the preparation of the amended trust documents. Moreover, the plaintiffs presented no evidence of fraud, duress, or undue influence in the signing of the trust amendment. Accordingly, the plaintiffs failed to meet their reciprocal burden under *Tompkins*, 75 Ohio St.3d 447, 663 N.E.2d 639, and the probate court, therefore, did not err by granting summary judgment in favor of the defendants. Plaintiffs' third assignment of error is overruled.

## III

{¶ 35} Plaintiffs' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

DICKINSON, P.J., and BELFANCE, J., concur.