[Cite as *Vietzen v. Victoria Auto. Ins. Co.*, 2014-Ohio-749.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ROBERT VIETZEN

    Appellant

    v.

VICTORIA AUTOMOBILE INSURANCE
COMPANY

    Appellee

C.A. No.     13CA010390

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CV176322

DECISION AND JOURNAL ENTRY

Dated: March 3, 2014

CARR, Judge.

{¶1} Appellant Robert Vietzen appeals the judgment of the Lorain County Court of Common Pleas which granted summary judgment in favor of appellee Victoria Automobile Insurance Company. This Court reverses and remands.

I.

{¶2} On September 6, 2009, Mr. Vietzen was injured in an automobile accident when a car driven by Dean Mandell and owned by Paulette Henry collided with his vehicle. Victoria Automobile Insurance Company ("Victoria Insurance") had issued an insurance policy for Ms. Henry's vehicle. The parties agree that Mr. Vietzen obtained a judgment against Ms. Henry in the amount of $97,000.00 in case number 10CV166122. Victoria Insurance refused to satisfy the judgment based on its claims that it had cancelled Ms. Henry's policy at 12:01 a.m. on September 6, 2009, for nonpayment of the premium. Mr. Vietzen thereafter filed a supplemental complaint against Victoria Insurance. The clerk's office assigned a new case number to the

supplemental complaint, specifically 12CV176322, even though the supplemental complaint bore the prior case number. Victoria Insurance filed an answer, admitting that Mr. Vietzen had obtained a judgment against Ms. Henry and that the insurance company had not satisfied the judgment. It denied the remaining allegations in the complaint and raised two affirmative defenses: (1) that the trial court previously determined in case number 10CV166122 that Ms. Henry's Victoria Insurance policy had been cancelled and was no longer in effect, and (2) that due to Ms. Henry's filing for bankruptcy, the proceedings in case number 10CV166122, which encompassed the supplemental complaint, had been stayed.

{¶3} Victoria Insurance and Mr. Vietzen filed competing motions for summary judgment. Victoria Insurance filed a brief in opposition to Mr. Vietzen's motion for summary judgment. The trial court denied Mr. Vietzen's motion for summary judgment and granted the insurance company's motion for summary judgment. Mr. Vietzen filed a timely appeal in which he raises one assignment of error for review. No party moved to supplement the record on appeal with the record in case number 10CV166122. Accordingly, our review is constrained to the record in case number 12CV176322.

II.

**ASSIGNMENT OF ERROR**

WHETHER AN AUTOMOBILE INSURANCE COMPANY CAN LEGALLY COMBINE THE NOTICE OF CANCELLATION OF A POLICY WITH THE NOTICE OF NON-PAYMENT OF PREMIUM AND MEET THE REQUIR[E]MENTS OF [R.C. CHAPTER] 3937.

{¶4} Mr. Vietzen argues that the trial court erred by granting summary judgment in favor of Victoria Insurance and by denying his motion for summary judgment. This Court agrees.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶8} No party objected to the trial court's consideration of any evidence appended to the competing motions for summary judgment. Despite the fact that the majority of the evidence appended to the motions did not comport with Civ.R. 56, the parties agreed that the evidence was

proper because it had been obtained during discovery in case number 10CV166122 and, in some cases, considered in conjunction with motions for summary judgment in that case. This Court has recognized that the trial court may, in its discretion, consider improper Civ.R. 56 evidence if no party has objected to the evidence. *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 18 (9th Dist.). As neither party objected to any evidence attached to the other's motion for summary judgment, and the trial court considered the evidence attached, this Court will also consider all evidence submitted for purposes of our review.

{¶9} The parties do not dispute that Victoria Insurance mailed a billing statement to Ms. Henry on August 24, 2009. The billing statement included an "Installment Payment Notice," indicating that a minimum payment of $198.39 was due on September 5, 2009. The statement further included a "Cancellation Notice" which stated: "If the Minimum Due is not received by or on the Payment Due date, your policy cancels on the date and time shown above for nonpayment of premium." The "Cancellation Effective" date on the statement was September 6, 2009, at 12:01 a.m. The "Cancellation Notice" further expressly provided: "THIS SECTION DOES NOT APPLY TO YOU IF YOU PAY THIS BILL BY THE DUE DATE."

{¶10} The accident at issue occurred on September 6, 2009. The parties do not dispute that Ms. Henry had not paid the minimum due on her insurance policy as of the September 5, 2009 due date. Victoria Insurance attached a document to its motion for summary judgment which it asserted was Ms. Henry's answer to Mr. Vietzen's personal injury complaint in case number 10CV166122. In her answer, Ms. Henry wrote that she had insurance at the time of the accident and that, although that insurance "ended" at 12:01 a.m. on September 6, 2009, she "was in [her] grace period" at that time.

{¶11} The issue before the trial court was whether the cancellation notice sent to Ms. Henry by Victoria Insurance complied with the requirements of R.C. 3937.32. In other words, the trial court had to determine whether a notice of cancellation sent in advance of the premium due date, and therefore in advance of any failure to timely pay the premium, was effective to cancel the policy on the cancellation date identified in the billing statement. The issue implicates the meaning of the statute and, therefore, constitutes an issue of law. *Wetterman v. B.C.*, 9th Dist. Medina No. 12CA0021-M, 2013-Ohio-57, ¶ 8. In construing the statute, this Court's primary goal is "'to ascertain and give effect to the legislature's intent in enacting the statute.'" *Id.*, quoting *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 9.

{¶12} The version of R.C. 3937.32 in effect at the relevant time read, in part:

No cancellation of an automobile policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain:

(A) The policy number;

(B) The date of the notice;

(C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of the notice;

(D) An explanation of the reason for cancellation and the information upon which it is based, or a statement that such explanation will be furnished to the insured in writing within five days after receipt of his written request therefor to the insurer;

(E) Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefor[] shall be given[.]

{¶13} Victoria Insurance argued in its motion for summary judgment, and the trial court apparently agreed, that its notice of cancellation to Ms. Henry complied with the requirements of R.C. 3937.32 and was, therefore, effective to cancel her policy at 12:01 a.m. on September 6, 2009. In support, the insurance company asserted that the cancellation notice contained the policy number, date of the notice, and the effective date of cancellation, as well as an explanation

that the policy would be cancelled on that date if the premium payment was not received by the due date. In addition, the insurance company argued that the cancellation date identified was at least ten days subsequent to the date of mailing of the cancellation notice. Victoria Insurance argued that the notice of cancellation did not provide for a grace period in which Ms. Henry could maintain coverage despite a failure to pay the minimum due on time. In addition, the insurance company emphasized that its notice of cancellation would not apply if Ms. Henry paid the bill by its due date. It offered no legal support for the proposition that an insurance company may issue an effective notice of cancellation in advance of the insured's failure to timely pay the premium and in anticipation of the insured's failure to pay by a later due date.

{¶14} Mr. Vietzen argued in his motion for summary judgment that the insurance company must wait until the insured has failed to pay the premium when due before mailing the notice of cancellation. He premised his argument on legislative intent and public policy reasoning.

{¶15} This case presents an issue of first impression for this Court. Moreover, our research reveals that no other Ohio appellate court has had the opportunity to address the efficacy of a notice of cancellation based on nonpayment of the premium where the insured's payment is not yet delinquent. Upon due consideration, this Court is persuaded by Mr. Vietzen's arguments and concludes that Victoria Insurance's notice of cancellation was not effective to cancel Ms. Henry's insurance policy prior to the accident on September 6, 2009.

{¶16} Victoria Insurance and Mr. Vietzen present varying interpretations of the notice requirements in R.C. 3937.32. Accordingly, it is fair to say that the statute is ambiguous and must, therefore, be "construed to give effect to the legislative intent." *Wolfe v. Wolfe*, 88 Ohio St.3d 246, 248 (2000). In determining legislative intent, this Court must look at the language of

the statute, the objective of the statute, and the consequences of various constructions of the statute. *Id.* at 248-249; *see also* R.C. 1.49.

{¶17} In this case, the statute requires that any notice of cancellation for nonpayment of premiums must include the reason for the cancellation. Reasonably, "nonpayment of premium" cannot constitute grounds for cancellation where the time for payment has not passed. Construing the statute as Victoria Insurance suggests would allow an insurance company to cancel an insured's policy on the grounds of anticipatory breach. R.C. 3937.31(A) sets forth the reasons for which an insurer may cancel an automobile insurance policy, including fraud, concealment, or misrepresentation by the insured; loss of driving privileges of a covered driver; change of residence by the insured to a state where the insurer is not authorized to write automobile coverage; and nonpayment of premium, "which means failure of the named insured to discharge when due any of the named insured's obligations in connection with the payment of premiums on a policy * * *." R.C. 3937.31(A)(1)-(4). Anticipatory breach is not listed as a valid reason for an insurer to cancel a policy. In other words, the statute grants no authority to the insurer to cancel a policy on the belief that the insured will not pay her premium when due.

{¶18} In addition, the Ohio Supreme Court recognized the public policy interests that the legislature intended to protect in enacting the statutory scheme regarding an insurer's cancellation of automobile insurance. In *Wolfe, supra,* at 249-250, the high court wrote that "the statute is intended to protect insureds from unilaterally being left without the protections that automobile insurance coverage affords by requiring that insurers provide an adequate method of notification when canceling insurance policies. *See* R.C. 3937.31(A) (grounds for cancellation limited), 3937.31(B)(4) (cancellation permitted at end of any mandatory period), 3937.32 (notice of cancellation required), and 3937.33 (procedures for cancellation)." The *Wolfe* court

concluded that "[i]t is clear that the public policy of this state, as gleaned through the Acts of the General Assembly, is to ensure that all motorists maintain some form of liability coverage on motor vehicles operated within Ohio. * * * It is beyond reasonable dispute that R.C. 3937.30 et seq. are primarily designed to protect the public from the dangers which uninsured motorists pose." *Wolfe*, 88 Ohio St.3d at 250.

{¶19} Given the legislature's clear intent to protect the public from the burden of compensating for injuries sustained as a result of uninsured drivers, the reasonable interpretation of the notice requirements in R.C. 3937.32 is that the legislature intended to include a grace period of ten days in which an insured may pay a past-due premium before the insurance company may cancel the policy. This interpretation is bolstered by the common sense understanding that grounds must exist to support cancellation and the statutory scheme does not include anticipatory breach as grounds for cancellation. Accordingly, this Court holds that R.C. 3937.32(E) includes a grace period of ten days during which an insured may cure her failure to pay her premium by its due date before the insurance company may cancel her automobile insurance policy.[1] Therefore, an insurance company must wait until the insured has actually failed to pay her premium when due before mailing notice of cancellation of the policy which will take effect no fewer than ten days after the date of mailing of the notice.

{¶20} In this case, Victoria Insurance included a notice of cancellation of the policy in its billing statement to Ms. Henry. The insurance company notified Ms. Henry in advance of the premium due date that her policy would be cancelled one minute after midnight on the day after her premium was due if she failed to make a timely payment. As Ms. Henry could only have failed to timely pay her premium as of September 6, 2009, Victoria Insurance could only assert

---

[1] As the issue is not before us, this Court does not render any conclusions regarding any lapse in coverage under the policy due to Ms. Henry's failure to timely pay her premium.

nonpayment grounds at that time. The insurance company's notice of cancellation mailed on August 24, 2009, was ineffective to give Ms. Henry the requisite notice of cancellation pursuant to R.C. 3937.32. Accordingly, the trial court erred by granting summary judgment in favor of Victoria Insurance and by denying Mr. Vietzen's motion for summary judgment. Mr. Vietzen's assignment of error is sustained.

## III.

**{¶21}** Mr. Vietzen's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶22}** I concur in the majority's judgment. The version of R.C. 3937.31 in effect in 2009 provided that:

> No insurer may cancel any such policy except pursuant to the terms of the policy, and in accordance with sections 3937.30 to 3937.39 of the Revised Code, and for one or more of the following reasons:
>
> (1) Misrepresentation by the insured to the insurer of any material fact in the procurement or renewal of the insurance or in the submission of claims thereunder;
>
> (2) Loss of driving privileges through suspension or expiration of the driver's or commercial driver's license of the named insured or any member of the named insured's family covered as a driver; provided that the insurer shall continue the policy in effect but exclude by endorsement all coverage as to the person whose driver's license has been suspended or has expired, if the person is other than the named insured or the principal operator;
>
> (3) *Nonpayment of premium, which means failure of the named insured to discharge when due any of the named insured's obligations in connection with the payment of premiums on a policy, or any installment of such premiums*, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit;
>
> (4) The place of residence of the insured or the state of registration or license of the insured automobile is changed to a state or country in which the insurer is not authorized to write automobile coverage.

(Emphasis added.)

{¶23} Thus, in order to cancel a policy, the insurer must comply with the provisions of the policy, R.C. 3937.30 to 3937.39, and have a reason to cancel the policy as enumerated in R.C. 3937.31. *See* former R.C. 3937.31. Victoria Insurance asserts that Ms. Henry's payment was due September 5, 2009, and that her policy was cancelled September 6, 2009, after she failed to make the required payment. Victoria Insurance relies upon former R.C. 3937.31 in isolation. However, former R.C. 3937.32 must also be taken into account given that it governs when cancellation of an automobile policy is effective. *See* former R.C. 3937.31. It provided that

> No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain:
>
> (A) The policy number;
>
> (B) The date of the notice;
>
> (C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of the notice;
>
> (D) An explanation of the reason for cancellation and the information upon which it is based, or a statement that such explanation will be furnished to the insured in writing within five days after receipt of his written request therefor to the insurer;
>
> (E) *Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefore shall be given*;
>
> (F) A statement that if there is cause to believe such cancellation is based on erroneous information, or is contrary to law or the terms of the policy, the insured is entitled to have the matter reviewed by the superintendent of insurance, upon written application to the superintendent made not later than the effective date of cancellation of the policy, and that if a hearing is held by the superintendent of insurance, a deposit of five dollars shall be made, and that such deposit shall be returned to the insured if the finding is in his favor.

(Emphasis added.) Former R.C. 3937.32.

{¶24} Thus, in attempting to cancel Ms. Henry's insurance for nonpayment, Victoria Insurance had to provide notice of the cancellation ten days before the cancellation could be

deemed effective. *See* former R.C. 3937.32(E). It asserts that it did so because it notified Ms. Henry in late August that her policy would be cancelled if she failed to make her payment on or before September 5, 2009. However, only cancellation of the policy *when due* is permissible. Thus, cancellation is permissible for nonpayment of the policy only when there is nonpayment of the premium on September 5th. Cancellation is not permissible prior to that. Moreover, cancellation is not effective for 10 days from the date of notice of the cancellation. Victoria Insurance's argument that it could provide for preemptive notification of cancellation for nonpayment before cancellation is actually permissible under the statutes does not comport with the language of former R.C. 3937.31 and 3937.32, nor a common sense reading of the statutes in pari materia.

{¶25} Under Victoria Insurance's view, it could provide notice of cancellation months before the bill was due and still satisfy the statutes. Considering the two provisions together, the event of nonpayment of the premium when due must occur first, followed by providing a notice to the insured of the cancellation of the policy for nonpayment. In other words, it is apparent that the legislature intended that the insured have ten days *after* the insured failed to make payments when due before the policy would be cancelled.[2] Accordingly, the only reasonable interpretation of those two provisions is that "effective notice of cancellation for nonpayment of premiums cannot be given until the time for making payment of the premium has expired." 2 Plitt, Maldonado, Rogers, and Plitt, Couch on Ins., Section 31:6 (3d Ed.2013). To interpret the provisions otherwise would essentially eviscerate the legislature's creation of a notice

---

[2] As noted by a California appellate court, "[r]eceipt of a notice of cancellation of automobile insurance should be an unanticipated event; something that spurs the insured into action to protect against the potentially catastrophic consequences associated with being an uninsured motorist-not something that is received routinely with each month's bill." *Mackey v. Bristol West Ins. Servs. Of Cal., Inc.*, 105 Cal.App.4th 1247, 1262 (2003).

requirement, thus thwarting the ultimate policy behind the provision, namely to ensure that Ohio motorists have insurance so as to avoid shifting the substantial burden that is created when motorists who are at fault are uninsured. *See Wolfe v. Wolfe,* 88 Ohio St.3d 246, 249-250 (2000), *superseded by statute on other grounds* (noting that the statutory provisions are "primarily designed to protect the public from the dangers which uninsured motorists pose[]" and also are "intended to protect insureds from unilaterally being left without the protections that automobile insurance coverage affords by requiring that insurers provide an adequate method of notification when canceling insurance policies[]"). Therefore, I concur in the majority's judgment.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

RONALD V. RAWLIN and STEPHANIE L. SIMON, Attorneys at Law, for Appellee.