[Cite as *Ocwen Loan Servicing, Inc. v. McBenttes*, 2022-Ohio-278.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

OCWEN LOAN SERVICING, LLC         C.A. No.      29688

     Appellee

     v.                             APPEAL FROM JUDGMENT
                                      ENTERED IN THE
OSCAR MCBENTTES, et al.             COURT OF COMMON PLEAS
                                      COUNTY OF SUMMIT, OHIO
     Appellants                         CASE No.      CV-2018-04-1632

DECISION AND JOURNAL ENTRY

Dated: February 2, 2022

---

SUTTON, Judge.

{¶1} Defendants-Appellants, Oscar and Erin McBenttes, appeal the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Plaintiff-Appellee, Ocwen Loan Servicing, LLC ("Ocwen"). For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} As set forth in *Ocwen Loan Servicing, LLC v. McBenttes*, 9th Dist. Summit No. 29343, 2019-Ohio-4884, ¶ 2 ("*Ocwen I*"):

> In April 2018, [Ocwen] filed a complaint in foreclosure against the McBentteses alleging default on a promissory note secured by the subject property. Ocwen moved for summary judgment on its complaint, to which the McBentteses responded in opposition, arguing in part that Ocwen had failed to meet a condition precedent of the mortgage by failing to conduct a face-to-face interview with the McBentteses. On February 20, 2019, the trial court granted Ocwen's motion for summary judgment and entered a decree of foreclosure.

The McBentteses timely appealed. In their sole assignment of error, the McBentteses asserted "the trial court erred in granting summary judgment because genuine issues of material fact remained in dispute as to whether Ocwen was exempt from complying with the requirements of 24 C.F.R. 203.604 (c)(2)." *Id*. at ¶ 3. The exemption to a face-to-face meeting pursuant to 24 C.F.R. 203.604 (c)(2) states, in relevant part, "[a] face-to-face meeting is not required if * * * [t]he mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either * * *."

{¶3} In sustaining the McBentteses' sole assignment or error and reversing the trial court's granting of summary judgment, the *Ocwen I* Court concluded:

> In its judgment entry, the trial court failed to address the argument advanced by the McBentteses regarding whether Ocwen, its servicer, or a branch office of either was within 200 miles of the subject property. We are therefore unable to ascertain if the argument was considered by the trial court, or rejected after consideration by the court. Because the trial court did not address this issue in its judgment entry, we are compelled to reverse and remand the matter to the trial court to consider the McBentteses' argument in the first instance.

*Id*. at ¶ 9

{¶4} Upon remand, the trial court again granted summary judgment in favor of Ocwen. In addressing the McBentteses' argument regarding 24 C.F.R. 203.604 (c)(2) , the trial court stated, in pertinent part, as follows:

* * *

> In support of its motion for summary judgment, [Ocwen] has provided an affidavit [from Daniel Delpesche], by which the affiant attests * * * *that the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch of either*[.]* * * [Ocwen] also submitted a supplemental affidavit of Contract Management Coordinator, Vital Philma, in which Affiant Philma indicates personal knowledge of all business records related to this action, the manner in which they were created, and personal review of the same. Affiant Philma also indicates that the *mortgaged property is not within 200 miles of the mortgagee, or its servicer or a branch of either.* Further, Affiant Philma provides, "*I attest that the location at One Assurant Way in Springfield, Ohio*

*45505 is not a location or branch office of Ocwen Loan Servicing, LLC. I further attest that the address at the Assurant location is the mailing address for insurance claims. I further attest that Ocwen Loan Servicing, LLC does not maintain any servicing operations, services or activities out of that location.*"

Further, [Ocwen] provides the following answers to discovery requests:

*1) "Ocwen does not have its location or a branch office within 200 miles of the mortgaged property." (Interrogatory 2.)*

*2) Ocwen provided a specific denial of the [McBenttes'] request for admission that the Springfield, Ohio address is a location or a branch office of Ocwen. (Request for Admission 1.)*

*3) "Ocwen does not have a possessory interest in that building located at One Assurant Way in Springfield, Ohio 45505." (Interrogatory 15.)*

*4) "Ocwen does not have an ownership interest in that building located at One Assurant Way in Springfield, Ohio 45505." (Interrogatory 17.)*

*5) "Ocwen does not own any office equipment in that building located at One Assurant Way in Springfield, Ohio 45505." (Interrogatory 19.)*

*6) "Ocwen does not have any rents, leases or right to use any office equipment in that building located at One Assurant Way in Springfield, Ohio 45505." (Interrogatory 20.)*

*7) "Ocwen does not have any employees in that building located at One Assurant Way in Springfield, Ohio 45505." (Interrogatory 21.)*

*8) "Ocwen does not have any employees or pay any wages to any employee in that building located at One Assurant Way in Springfield, Ohio 45505." (Interrogatories 22-25.)*

In support of their motion for an extension of time within which to file their opposition to the motion for summary judgment, the McBenttses provided the affidavit of their attorney, in which he asserts that he went "*onto the website of Ocwen Loan Servicing, LLC and [has] seen lists of various office addresses for Ocwen Loan Servicing, LLC.*" He also indicated that he "*used a number of internet map references which demonstrate that the location of the Ocwen Loan Servicing, LLC office located at One Assurant Way in Springfield, Ohio is 175 miles from the mortgaged property.*" And, in their response to the summary judgment motion, the McBenttses assert, "*[t]he website of [Ocwen] sets forth an address where borrowers can send insurance loss drafts to One Assurant Way Springfield, Ohio 45505.*" This information appears to have been garnered from

Exhibit A to the McBentteses' response, which is an unverified document alleged to be a printout from [Ocwen's] website.

* * *

Upon consideration of the arguments and evidence presented, the court finds that the McBentteses have not carried their reciprocal burden of pointing to or submitting some evidence that shows the existence of a genuine dispute over the material facts. Besides the unverified document, which cannot be considered, they have provided only the affidavit of their attorney, who indicates that his search of various internet sites leads him to the conclusion that the One Assurant Way office is within 175 miles of the mortgaged property. Such is not evidence based on personal knowledge that creates a dispute of material fact in light of the uncontroverted discovery responses noted above and the uncontroverted affidavits provided in support of [Ocwen's] motion for summary judgment. Even if the unverified document could be considered, it would not create an issue of material fact, given that on its face it provides that the business at the address in question concerns property insurance claims only.

* * *

(Emphasis added.)

{¶5} The McBentteses now appeal raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT THAT REMAINED IN DISPUTE REGARDING WHETHER [OCWEN] WAS EXEMPT FROM COMPLYING WITH [24 C.F.R. 203.604 (c)(2)].**

{¶6} In their sole assignment of error, the McBentteses argue the trial court erred in granting Ocwen's Civ.R. 56 motion for summary judgment. We disagree.

{¶7} Pursuant to Civ.R. 56, summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶8} Moreover, Civ.R. 56(C) sets forth an exclusive list of the evidentiary materials a court may consider when determining how to rule on a motion for summary judgment. Specifically, the court may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C). In addition, "the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is 'accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E).'" (Alterations sic.) *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 18 (9th Dist.), quoting *Countrywide Home Loans, Inc. v. Rodriguez*, 9th Dist. Lorain Nos. 03CA008345, 03CA008417, 2004-Ohio-4723, ¶ 9.

{¶9} In *Ocwen Loan Servicing, LLC v. Graf*, 10th Dist. Franklin No. 17AP-361, 2018-Ohio-2411, ("*Graf*") our sister Court, the Tenth District Court of Appeals, analyzed a similar matter. The *Graf* record revealed that Ocwen, in its capacity as servicer of a Federal Housing Authority loan, filed a motion for summary judgment seeking foreclosure against David M. Graf and Michelle Graf Crawford for a property located at 3590 Rolling Hills Lane, Grove City, Ohio 43123. *Id.* at ¶ 2-3. As evidentiary support for its motion, Ocwen attached the affidavit of

Jesse Rosenthal, Ocwen's contract management coordinator, which contained the following relevant averment:

> 14. [P]ursuant to the regulations of the U.S. Department of Housing and Urban Development, no attempts to conduct a face-to-face meeting were necessary and required because the mortgaged property is not within 200 miles of the mortgagee, its servicer or a branch office of either.

*Id*. at ¶ 8. The Grafs then filed a memorandum in opposition wherein they attached the affidavit of David Graf, averring, in relevant part, that:

> 5. *The servicer, Ocwen Loan Servicing, does have branch within 200 miles of Columbus in Springfield, Ohio at One Assurant Way, Springfield, Ohio 45505 per its website as noted in Exhibit 2.*

(Emphasis in original.) *Id*. at ¶ 9. Further, *Graf* Exhibit 2, as described by the Tenth District Court of Appeals, was a:

> two-page document which looks to be a screen shot printed from an Internet website. * * * The following information appears under the heading "Property Insurance Claims": * * *
>
> 
>
> Insurance Loss Drafts
> One Assurant Way
> Springfield, OH 45505
>
> 

*Id*. at ¶ 10. In the reply brief in support of its motion for summary judgment, Ocwen argued Graf's averment regarding the existence of a Springfield, Ohio branch office was not based on his personal knowledge and the unauthenticated screenshot attached to his affidavit contained inadmissible hearsay. *Id*. at ¶ 12. The trial court, in granting Ocwen's motion for summary judgment, reasoned:

> Accordingly, Ocwen maintained Graf's affidavit does not contain admissible evidence to rebut Rosenthal's averment that "the mortgaged property is not within 200 miles of the mortgagee, its servicer or a branch office of either." (Rosenthal Aff. at ¶ 14.) In the alternative, Ocwen argued even if the trial court were to consider Graf's affidavit, pursuant to the decision of the Fourth District Court of Appeals in *Wells Fargo Bank, N.A. v. Dumm*, 4th Dist. No. 13CA5, 2014-Ohio-

3124, the affidavit does not give rise to an issue of fact whether the mortgaged property was within 200 miles of an Ocwen "branch office," as that term is used in 24 C.F.R. 203.604(c).

* * * [T]he averment in Graf's affidavit regarding the Ocwen office in Springfield, Ohio did not permit the inference that Ocwen had an office at that location that conducted loan originating or loan servicing functions. The trial court found, at best, the affidavit and documents attached thereto established that Ocwen maintained an insurance claims office at the Springfield location.

*Id.* at ¶ 12-13.

{¶10} The Tenth District Court of Appeals affirmed the trial court's granting of summary judgment in favor of Ocwen. In so doing, the Tenth District stated:

* * *

Graf's affidavit does not contain an averment that he has personal knowledge of the information contained therein. The affidavit contains no other facts or information which would permit the inference that Graf has personal knowledge that Ocwen has a branch office in Springfield, Ohio. Unlike the affiant in *Phillabaum*, Graf does not claim to have ever seen or visited the Springfield branch, nor does he claim to have ever contacted the Springfield branch either by telephone or other means.[1] Consequently, Graf's knowledge of the existence an Ocwen Springfield branch office, if any, arises exclusively from the screen shot attached to his affidavit as Exhibit 2.

* * *

Though we do not believe Graf needed to present the testimony of the Internet webmaster in order to authenticate the screen shot at issue in this case, Graf's affidavit essentially treats Exhibit 2 as a self-authenticating document. In our opinion, Graf could not have done less in this case to establish his personal knowledge of the existence of the Springfield office or to establish the screen shot is authentic. Without any averment Exhibit 2 represents a true and accurate copy of information from Ocwen's website, and in the absence of substantial evidence from which the trial court could infer the screen shot was authentic, we find

---

[1] Notably, in *Wells Fargo v. Phillabaum*, 4th Dist. Highland No. 10CA10, 2011-Ohio-1311, ¶ 11, the affidavit in support of the mortgagor's cross-motion for summary judgment stated: "Wells Fargo has at least one branch office within 200 miles of my home" and further explained the mortgager visited that office on at least one prior occasion. As such, The Fourth District Court of Appeals found the mortgagor's affidavit sufficient "to carry his initial Civ.R. 56(C) burden, and thus, the burden shifted to the bank to provide rebuttal materials." *Id.*

> Exhibit 2 is of no evidentiary value and could not be considered by the trial court in ruling on Ocwen's motion for summary judgment.

* * *

*Id.* at ¶ 25, 34.

{¶11} Here, the McBentteses' counsel attached an affidavit, along with a screenshot of what appears to be a list of addresses from Ocwen.com, to a *motion for additional time* to respond to Ocwen's motion for summary judgment. In the affidavit, the McBentteses' counsel averred he went onto Ocwen's website and saw "lists of various office addresses for Ocwen Loan Servicing, LLC" and he used "a number of internet map references which demonstrate that the location of the Ocwen Loan Servicing, LLC located at One Assurant Way in Springfield, Ohio is 175 miles from the mortgaged property." The McBentteses' counsel also indicated he needed additional time for discovery and he had served Ocwen discovery on December 6, 2018. The McBentteses' counsel did not, however, authenticate the screenshot of the purported Ocwen addresses as "true and accurate" information from Ocwen's website, nor did he attach any copies, authenticated or not, of the "internet maps" referenced in this affidavit. As our sister Court indicated in *Graf*, the McBentteses' counsel's averment regarding his internet searches did not demonstrate personal knowledge that the mortgaged property is within 200 miles of the mortgagee, its servicer, or a branch office of either. Moreover, the unauthenticated screenshot attached to the McBentteses' counsel's affidavit contains inadmissible hearsay.

{¶12} Further, in their memorandum in opposition to Ocwen's motion for summary judgment, the McBentteses attached the same unauthenticated list of purported addresses from Ocwen.com, along with Ocwen's original responses to the McBentteses' discovery requests. The McBentteses, however, did not attach an affidavit in support of their memorandum in

opposition to summary judgment attesting they had personal knowledge that the mortgaged property is within 200 miles of the mortgagee, its servicer, or a branch office of either, at the One Assurant Way address in Springfield, Ohio. Additionally, the McBentteses did not authenticate the screenshot of the purported Ocwen address list as true and accurate information from Ocwen's website. Finally, the McBentteses did not acknowledge that, on its face, the purported screenshot of Ocwen's addresses demonstrates the One Assurant Way address relates only to insurance claims.

{¶13} Ocwen, however, in support of its motion for summary judgment, provided the verified affidavits of Daniel Delpesche and Vital Philma, wherein the affiants attested: (1) a face-to-face meeting was not required in accordance with 24 C.F.R. 203.604 (c)(2) because the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch of either, and (2) Ocwen Loan Servicing, LLC does not maintain any servicing operations, services or activities out of the One Assurant Way location. Instead, as attested by Vital Philma, the One Assurant Way location is used as a mailing address for insurance claims. Moreover, Ocwen attached its supplemental responses to the McBentteses' request for discovery wherein Ocwen specifically indicated: (1) Ocwen does not have a possessory interest in the building located at One Assurant Way; (2) Ocwen does not have an ownership interest in the building located at One Assurant Way; (3) Ocwen does not own, rent, lease or use any office equipment in the building located at One Assurant Way; and (4) Ocwen does not have, or pay wages to, any employees in the building located at One Assurant Way.

{¶14} Thus, because Ocwen satisfied its initial burden, pursuant to Civ.R. 56, by demonstrating there are no genuine issues of material fact concerning whether the mortgaged property is within 200 miles of the mortgagee, its servicer, or a branch office of either, and

because the McBentteses failed to set forth specific facts showing there is a genuine issue with regard to the face-to-face exemption for trial, the trial court did not err in granting summary judgment in favor of Ocwen. *See Dresher*, 75 Ohio St.3d at 292-293; *see also* Civ.R. 56(E).

{¶15} Accordingly, the McBentteses' sole assignment of error is overruled.

III.

{¶16} For the reasons stated above, the McBentteses' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRUCE M. BROYLES, Attorney at Law, for Appellants.

SARAH A. WILSON and JOHN R. WIRTHLIN, Attorneys at Law, for Appellee.