DECISION AND JUDGMENT ENTRY
{¶ 1} In this action to contest the will of his father, the appellant, Thomas D. Riley, Jr. appeals the decision granting summary judgment in favor of Jason Henry and Jennifer Tizzano, individually and as executrix of the Estate of Thomas D. Riley, Sr. ("decedent"). Appellant contends that summary judgment was improper because genuine issues of material fact exist about whether his father lacked testamentary capacity or was under the undue influence of others when he executed the will. When all the evidence is construed most favorably to appellant, however, reasonable minds can come to but one conclusion that is adverse to appellant; therefore, summary judgment was appropriate. Accordingly, we overrule his assignments of error and affirm the probate court's judgment dismissing the will contest action.
 I. FACTS {¶ 2} In 1985, Mr. Riley, Sr. divorced his first wife, Beverly Riley, with whom he had three children: appellant, Charles Riley, and Rebecca Puryuer. In 1989, Mr. Riley, Sr. married Rebecca Riley, who already had two children of her own: Jennifer Tizzano and Jason Henry, who became the decedent's stepchildren.
 {¶ 3} On August 8, 2003, Mr. Riley, Sr. executed a Last Will and Testament that provided, in relevant part:
 ITEM TWO: I intentionally make to [sic] provision in my will for my children Charles Riley, Thomas Riley, Jr. and Rebecca Puryuer. [2]
 * * *
 ITEM FOUR: If my wife, Rebecca F. Riley, does not survive me or if we die under such circumstances that there is not sufficient evidence to determine the order of our deaths or if she shall die within a period of thirty (30) days after the date of my death then Item Two shall be void and I give all of the residue of my property to my stepchildren, Jennifer Tizzano and Jason Henry, in equal shares, to be theirs in fee simple if they shall survive me.
 {¶ 4} Rebecca Riley died on January 22, 2004, and Mr. Riley, Sr. died 15 days later on February 9, 2004. His Last Will and Testament was admitted into probate in April 2004.
 {¶ 5} Appellant filed a will contest action challenging the validity of his father's will. Appellant alleged that his father lacked testamentary capacity to execute the will on August 8, 2003 and that his father executed the will as the result of undue influence upon him by his wife and stepchildren.
 {¶ 6} The probate court granted summary judgment to defendants and dismissed the complaint, finding as a matter of law that the decedent was competent and not suffering from any restraint or undue influence when he executed his last will and testament.
 II. ASSIGNMENTS OF ERROR {¶ 7} This appeal presents two assignments of error for our review: I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY FINDING AS A MATTER OF LAW THAT THE DECEDENT POSSESSED THE TESTAMENTARY CAPACITY NECESSARY TO EXECUTE HIS WILL ON AUGUST 8, 2003.
 II. [THE] TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY FINDING AS A MATTER OF LAW THAT NO GENUINE ISSUE OF FACT EXISTED AS TO THE UNDUE INFLUENCE EXERCISED UPON THE DECEDENT AT THE TIME HE EXECUTED HIS WILL.
 III. STANDARD OF REVIEW {¶ 8} When reviewing a trial court's decision concerning a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and does not defer to the trial court's decision. See Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App. 3d 704, 711.
 {¶ 9} Summary judgment is appropriate when the movant establishes: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, with the evidence against that party being construed most strongly in its favor.Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 10} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. However, once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111; Dresher, supra at 294-295.
 IV. ANALYSIS {¶ 11} Because appellant's assignments of error are interrelated, we will consider them together. Appellant asserts that genuine issues of material fact exist about (1) whether his father possessed the testamentary capacity to make a valid will on August 8, 2003, and (2) whether his father's will was the product of undue influence by his wife and stepchildren.
 A. Testamentary Capacity {¶ 12} Under R.C. 2107.74, an order admitting a will to probate is prima facie evidence of its validity. However, an otherwise valid will may be invalidated if the testator lacked testamentary capacity at the time he executed the will. Niemes v. Niemes (1917), 97 Ohio St. 145, paragraph four of the syllabus. Testamentary capacity exists when the testator has sufficient mind and memory to: (1) understand the nature of the business in which he is engaged, (2) comprehend generally the nature and extent of his property, (3) hold in his mind the names and identity of those who have natural claims upon his bounty, and (4) appreciate his relation to the members of his family. Niemes, supra; Boley v.Kennedy, Crawford App. No. 3-02-35, 2003-Ohio-1663, ¶ 10. The party contesting the will has the burden of proving lack of testamentary capacity. Fisher v. Jewell, Jackson App. No. 01CA9, 2002-Ohio-418;Martin v. Dew, Franklin App. No. 03AP-734, 2004-Ohio-2520, ¶ 10.
 {¶ 13} Mr. Riley, Jr. asserts the evidence creates a question of fact about whether his father lacked the necessary testamentary capacity to execute the August 8, 2003 will because "he had been prevented by his wife and stepchildren from making his own financial decisions and from staying in touch with his family for over seven years, from 1997 through 2004." While these contentions seem to relate more to the issue of undue influence, we will consider them here.
 {¶ 14} As evidence of his father's testamentary incapacity, appellant cites to his own deposition testimony where he claims a few days before his death his father told appellant he had not been "allowed to sign anything for seven years." He also claimed his father made statements to appellant implying that he did not know how much money he had in his checking account. Based on this evidence, appellant contends that reasonable minds would differ on whether his father had the necessary testamentary capacity to comprehend the nature or extent of his property.
 {¶ 15} Generally, testamentary capacity is determined as of the date the will was executed. Smith v. Lommerse (Dec. 30, 1993), Wood App. No. 93WD027, citing Kennedy v. Walcutt (1928), 118 Ohio St. 442, paragraph two of the syllabus, overruled in part on other grounds, Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, 64, fn. 9. However, evidence of the testator's mental and physical condition, both at the time the will was executed and within a reasonable time before and after its execution, is admissible as casting light on his testamentary capacity.Walcutt, supra; Boley, supra.
 {¶ 16} In his deposition, appellant testified that he neither saw nor communicated with his father from the year 2000 to February 5, 2005, a few days before the decedent's death; thus, appellant had no opportunity to observe or otherwise evaluate his father's competency at or around the time the will was executed on August 8, 2003. Appellant expressly acknowledged that his father was mentally competent in the years 2000 and 2005 when he saw him. And, although appellant now asserts that the decedent lacked sound mind and memory to execute his will on August 8, 2003, appellant admitted in his deposition testimony that his father was not incompetent when he executed his Last Will and Testament.
 {¶ 17} Moreover, affidavits of the decedent's stepchildren and Janet Dyar Welch, the attorney who prepared his will, provided uncontradicted evidence concerning the decedent's mental capacity at the time he executed the will. The affiants attested that on the date Mr. Riley, Sr. executed his will, or during the days immediately surrounding that date, he was alert, well-oriented in time and all matters, aware of his surroundings, able to discuss current events, and otherwise competent. According to Welch, Mr. Riley, Sr. appeared to be functioning "entirely of his free will and free from pressure or coercion" and was clear in his intent to leave his estate to his stepchildren if his wife predeceased him and to leave nothing to his biological children.
 {¶ 18} The deposition testimony of Patricia Renner, who witnessed Mr. Riley, Sr.'s execution of the will at his request, provided further evidence of the decedent's testamentary capacity on August 8, 2003. Ms. Renner testified: she had been a friend and close neighbor of Mr. Riley, Sr. and his second wife since the early 1990's; she saw or visited with him three or four times a week; he never indicated that he was being threatened or coerced by anyone; and he had a loving relationship with Jennifer Tizzano. According to Ms. Renner, Mr. Riley, Sr. was in a good mood, appeared competent, and did not appear to be under any duress when he signed the will.
 {¶ 19} In short, appellant failed to present any evidence that his father lacked testamentary capacity at the time he executed his will. The uncontroverted evidence in the record indicates that the decedent possessed the requisite understanding, knowledge and competency to execute his will on August 8, 2003. Reasonable minds could come to but one conclusion regarding the decedent's testamentary capacity, and that conclusion is adverse to appellant.
 B. Undue Influence {¶ 20} Even if a testator has testamentary capacity when executing a will, the will is invalid if it is the product of undue influence.West v. Henry (1962), 173 Ohio St. 498, 510-511. A testator is unduly influenced by another when the testator is restrained from disposing of property in accordance with his own wishes and instead substitutes the desires of another. West, at 501. The party claiming undue influence bears the burden of demonstrating: (1) a susceptible testator, (2) another's opportunity to exert influence on the testator, (3) the fact of improper influence exerted or attempted, and (4) a result showing the effect of such influence. Id., at 501-502 and 510-511;Krischbaum, supra at 64, 65; Kata v. Second Natl. Bank of Warren (1971),26 Ohio St.2d 210, overruled in part on other grounds,Krischbaum, supra at 65, fn. 9.
 {¶ 21} Appellant asserts there is a question of fact concerning whether his father's wife and stepchildren exerted dominion and undue influence over him in order to compel him to execute the August 8, 2003 will in their favor. Appellant claims they exerted undue influence over his father by using his advanced age and failing health to isolate and alienate him from his siblings and natural children during the years 1999 or 2000 through 2004.
 {¶ 22} As evidentiary support for his claim of undue influence, appellant presented his own affidavit and deposition testimony, together with affidavits of four of the member's of the decedent's natural family, all of whom indicated that Mr. Riley, Sr.'s wife and stepchildren isolated and alienated him from his biological family.
 {¶ 23} In his deposition testimony, however, appellant conceded that he had no knowledge that the will executed by his father on August 8, 2003 was the result of undue influence. Indeed, appellant testified that he had no communication with his father between the years 2000 and 2004, and he could only "speculate" as to what influences were exerted on him during that period. As the trial court indicated, "speculation" is not evidence.
 {¶ 24} Moreover, when questioned as to the purpose, appellant testified that his father's wife and stepchildren isolated him because they were jealous and greedy of his time. Appellant presented no evidence that his father's wife and stepchildren isolated him for the purpose of persuading him to execute his Last Will and Testament in their favor.
 {¶ 25} "[G]eneral influence, however strong or controlling, is not undue influence unless brought to bear directly upon the act of making the will." West, supra at 501. Further, "[t]he mere existence of undue influence, or an opportunity to exercise it, although coupled with an interest or motive to do so, is not sufficient, but such influence must be actually exerted on the mind of the testator with respect to the execution of the will in question." Id.
 {¶ 26} All the evidence indicates that Mr. Riley, Sr. was not suffering from any restraint or undue influence on August 8, 2003, and that he created his Last Will and Testament of his own free will. Appellant failed to raise a genuine issue of material fact about whether his father was under undue influence when he executed his will; therefore, summary judgment was proper.
 V. CONCLUSION {¶ 27} In sum, because appellant failed to present evidence demonstrating genuine issues of material fact about whether his father lacked testamentary capacity or acted under undue influence when he executed his Last Will and Testament on August 8, 2003, reasonable minds can come to only one conclusion in this case. That conclusion is adverse to appellant, making summary judgment proper. Accordingly, we overrule the assignments of error and affirm the trial court's judgment dismissing the will contest action.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
For the Court
BY: William H. Harsha, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.
[2] Janet Dyer Welch, the attorney who drafted decedent's will, attested that the word "to" in ITEM TWO was a typographical error and that ITEM TWO should have read, in part: "I intentionally make no provision in my will for my children . . . ."