[Cite as *Smith v. Gold-Kaplan*, 2014-Ohio-1424.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    100015

## JOANN D. SMITH

PLAINTIFF-APPELLANT

vs.

## ESTHER GOLD-KAPLAN, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2011 ADV 174264

**BEFORE:**    Boyle, A.J., S. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    April 3, 2014

**ATTORNEY FOR APPELLANT**

Kenneth J. Fisher
Kenneth J. Fisher Co., L.P.A.
2100 Terminal Tower
50 Public Square
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

Steven B. Potter
Dinn, Hochman & Potter, L.L.C.
5910 Landerbrook Drive
Suite 200
Cleveland, Ohio   44124

MARY J. BOYLE, A.J.:

{¶1} In this will-contest case, plaintiff-appellant, Joann Smith, appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Esther Gold-Kaplan. Finding no merit to the appeal, we affirm.

<u>Procedural History and Facts</u>

{¶2} Simon Eidelman ("decedent") died on October 25, 2011. Three days later, decedent's adoptive daughter, Esther, who is also decedent's named executor, filed decedent's last will and testament, dated June 22, 2011. Esther is the sole named beneficiary of the June 22, 2011 will. On December 7, 2011, Joann filed the underlying action, contesting decedent's will.

{¶3} According to Joann's complaint, decedent was a friend who resided at her home for approximately ten years. Joann further alleged that the will dated June 22, 2011, "operated to revoke" decedent's previous will dated March 29, 2011, which named Joann as executrix and sole beneficiary. Joann alleged that the March 29, 2011 will is the only valid will because decedent lacked the necessary testamentary capacity to execute the subsequent will in June 2011. Joann further alleged that the June 22, 2011 will was not valid because it "was the result of undue influence upon decedent."

{¶4} Esther subsequently moved for summary judgment, arguing that (1) decedent's will is presumptively valid, (2) Joann has failed to produce any documents in discovery, including an expert's report, to substantiate her claim of lack of testamentary

capacity, and (3) decedent was not subjected to undue influence. In support of her motion, Esther attached affidavits from the two witnesses to decedent's will — Sandra Buzney, an attorney and licensed social worker, and Gilda Katz, a licensed social worker. Both Buzney and Katz averred that decedent understood the nature and extent of his property, the names of those who held a natural claim to his bounty, and appreciated his relationship with his relatives. Buzney and Katz further averred that decedent was not under duress or undue influence when he executed the will of June 22, 2011. They further averred that neither Esther nor her husband were present at the time that decedent executed his will.

{¶5} Joann opposed the motion, relying primarily on her own affidavit and a letter from Dr. Philipp Dines to Joann's attorney, opining that "by June 22, 2011, it is more likely than not that [decedent] did not manifest testamentary capacity." Joann further argued that Esther had a confidential relationship with decedent and that she used this confidential relationship to hire an attorney on decedent's behalf and to have a new will prepared.

{¶6} Esther filed a reply brief in support of her motion for summary judgment, arguing that Joann failed to comply with Civ.R. 56 in opposing her motion by failing to properly authenticate any of her exhibits or offer Civ.R. 56 evidence. Seven months later, the trial court granted Esther's motion, and this appeal now follows.

{¶7} Joann raises three assignments of error:

I.      The Cuyahoga County Court of Common Pleas, Probate Division, erred in granting appellees' motion for summary judgment relative to

the claim that decedent lacked testamentary capacity as genuine issues of material fact are present.

II.    The Cuyahoga County Court of Common Pleas, Probate Division, erred in granting appellees' motion for summary judgment relative to the claim that decedent was unduly influenced as genuine issues of material fact are present.

III.    The Cuyahoga County Court of Common Pleas, Probate Division, erred in determining the exhibits attached to appellant's opposition to summary judgment were not admissible.

**{¶8}** For ease of discussion, we will address these assignments of error out of order.

Standard of Review

**{¶9}** We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

**{¶10}** Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

(1) no genuine issue as to any material fact remains to be litigated,

(2) the moving party is entitled to judgment as a matter of law, and

(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶11} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

<u>Admissible Evidence</u>

{¶12} In her third assignment of error, Joann argues that the trial court erred in determining that the exhibits attached to Joann's brief in opposition to Esther's motion for summary judgment were not admissible.

{¶13} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. The rule provides in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

**{¶14}** In applying this rule, Ohio courts have consistently held that "if an exhibit or item of evidence does not fall within one of the cited categories of permissible materials, it can only be viewed when it has been incorporated by reference into an affidavit which satisfies Civ.R. 56(E)." *McGhan v. Vettel*, 11th Dist. Ashtabula No. 2008-A-0036, 2008-Ohio-6063, ¶ 23, citing *Skidmore & Assocs. Co., L.P.A. v. Southerland*, 89 Ohio App.3d 177, 623 N.E.2d 1259 (9th Dist.1993).

**{¶15}** Civ.R. 56(E) sets forth the criteria for affidavits as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶16}** "Documents submitted in defense against a motion for summary judgment must be properly 'sworn, certified or authenticated by affidavit' or they may not be considered in determining whether there is a triable issue of fact." *Burkhart v. H.J. Heintz Co.*, 6th Dist. Wood No. WD-12-008, 2013-Ohio-723, ¶ 12, quoting *Green v. B.F. Goodrich Co.*, 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (9th Dist.1993); *see also Douglass v. Salem Comm. Hosp.*, 153 Ohio App.3d 350, 2003-Ohio-4006, 794 N.E.2d 107, ¶ 25 (7th Dist.). Although the rule appears harsh, Ohio courts consistently apply this rule and recognize that "documents that have not been sworn, certified, or authenticated by way of affidavit 'have no evidentiary value.'" *Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 17 (1st Dist.), quoting *Lance Acceptance Corp. v. Claudio*, 9th Dist. Lorain No. 02CA008201,

2003-Ohio-3503, ¶ 15.   In other words, if the documents are not authorized under Civ.R. 56(C), they cannot be considered by the trial court.   *See Skidmore* at 179.   One exception to this rule exists — if the opposing party fails to raise an objection to the admission of the documents, the court may in its sound discretion elect to consider the documents.   *Lytle v. Columbus*, 70 Ohio App.3d 99, 104, 590 N.E.2d 421 (10th Dist.1990).

{¶17} Decisions concerning the admission or exclusion of evidence are within the discretion of the court and will not be reversed absent an abuse of that discretion.   *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323, ¶ 20.   An abuse of discretion is shown when a decision is unreasonable, that is, when there is no sound reasoning process that would support the decision.   *AAA Ents. v. River Place Community*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

*A.   Last Will and Testament of Simon Eidelman dated March 29, 2011*

{¶18} Joann argues that the trial court erred in refusing to consider the March 29, 2011 will, which was attached to her complaint in compliance with Civ.R. 10(D).   We agree.   The record reveals that Esther admitted to the existence of the March 29, 2011 will in her answer to the complaint.   This evidence therefore complied with Civ.R. 56(C) as being a pleading admission and therefore should have been considered by the trial court. *See Skidmore* at 179.   We find, however, that the exclusion of this evidence amounts to harmless error.   Even if the trial court would have considered this will, we find that it fails to create a genuine issue of material fact.   *Knor v. Parking Co. of Am.*, 73 Ohio App.3d 177, 189, 596 N.E.2d 1059 (1st Dist.1991) (recognizing that a harmless error is one that

does not affect the substantial right of the parties, and an appellate court will not reverse a judgment on the basis of any error that is harmless).

*B. Fee Agreement, Durable Power of Attorney, and Health Care Power of Attorney*

**{¶19}** Joann argues that the trial court should have properly considered these documents, despite them not being authenticated, because they were produced in discovery from Esther.

**{¶20}** Federal courts have consistently held that where a document is produced in discovery, there may be sufficient circumstantial evidence to support its authenticity. *See Ridenour v. Collins*, 692 F.Supp.2d 827, 2010 U.S. Dist. LEXIS 11726 (S.D. Ohio 2010), citing *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir.1991); *see also Anand v. BP W. Coast Prods. L.L.C.*, 484 F.Supp.2d 1086, 1092 n.11 (C.D.Cal. 2007) (documents produced in response to discovery requests admissible on summary judgment motion as self-authenticating); *Architectural Iron Workers Local No. 63 Welfare Fund v. United Contrs., Inc.*, 46 F.Supp.2d 769, 772 (N.D.Ill. 999) (holding same as above). And although Joann fails to cite any authority in support of her argument, at least one Ohio court has recognized that it is disingenuous for a defendant to attack the authenticity of documents that the defendant provided to plaintiff in discovery. *See Hubbard v. Defiance*, 3d Dist. Defiance Nos. 4-12-22 and 4-12-23, 2013-Ohio-2144.

**{¶21}** But Civ.R. 56(C) plainly states that "[n]o evidence or stipulation may be considered except as stated in this rule." Further, Esther expressly objected to the court's consideration of these documents in her reply brief filed on October 12, 2012. Thus,

based on the objection raised, the trial court was prohibited from considering these documents in ruling on the motion for summary judgment. *See Skidmore* at 179. Notably, despite the trial court not ruling on the motion for summary judgment for another seven months, Joann never moved to supplement her brief in opposition to cure the defect in the unauthenticated documents attached.

{¶22} Joann relies on Civ.R. 1(B) for the proposition that "these exhibits should have been considered by the trial court to effect just results between the parties hereto and allow a jury to make a factual determination." Her reliance on this rule, however, is misplaced. Civ.R. 1(B) provides that the Rules of Civil Procedure "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Contrary to Joann's argument, this rule does not nullify the requirements of Civ.R. 56(C). Nor does this rule promote parties ignoring the Rules of Civil Procedure. Here, we simply cannot say that the trial court abused its discretion by following Civ.R. 56(C).

### C. Expert Report

{¶23} Joann next argues that the trial court should have allowed the submission of Dr. Dines's letter, which she characterizes as the "expert report," because the report had been provided to opposing counsel prior to the filing of brief in opposition to Esther's motion for summary judgment. She further relies on Civ.R. 1(B) for grounds to support the trial court's consideration of the report. But as discussed above, Ohio case law is clear — "documents submitted in opposition to a motion for summary judgment must be sworn, certified, or authenticated by affidavit to be considered by the trial court in determining whether a genuine issue of material fact exists for trial." *Rilley v. Brimfield*, 11th Dist. Portage No. 2009-P-0036, 2010-Ohio-5181, ¶ 66. Because Joann failed to incorporate Dr. Dines's letter by reference through a properly framed affidavit, the trial

court properly disregarded the purported expert report. *See Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, 937 N.E.2d 1047, ¶ 18 (9th Dist.) (holding that the unsigned expert's report, which was not incorporated into an affidavit or other sworn document, did not constitute proper Civ.R. 56(C) evidence).

{¶24} Additionally, expert opinions may be not be based upon hearsay evidence that has not been admitted. *See Schwarze v. Divers Supply*, 5th Dist. Stark No. 2001CA301, 2002-Ohio-3945, ¶ 39, citing *Azzano v. O'Malley-Clements*, 126 Ohio App.3d 368, 374, 710 N.E.2d 373 (8th Dist.1998). Indeed, it is well settled that an expert's opinion must be based upon facts within the witness's own personal knowledge or upon facts shown by other evidence. *Burens v. Indus. Comm.*, 162 Ohio St. 549, 124 N.E.2d 724 (1955), paragraph one of the syllabus. Here, Dr. Dines's letter is based in part on Joann's "chronology of events" that is replete with inadmissible hearsay statements. His report further relies on medical records that were not attached to the report or otherwise offered in support of the brief of opposition. Under these circumstances, the trial court properly disregarded the expert's report because the expert's opinion is not supported by admissible evidence in the record. *See Rilley* at ¶ 64-65 (expert's affidavit insufficient for opposing a motion for summary judgment because none of the documents relied on by the expert were attached to the brief in opposition or properly incorporated by affidavit).

{¶25} The third assignment of error is overruled.

Testamentary Capacity

{¶26} In her first assignment of error, Joann argues that the trial court erred in granting summary judgment to Esther on the issue of testamentary capacity. She contends that genuine issues of material fact exist that preclude the granting of summary judgment. We disagree.

{¶27} R.C. 2107.02 provides that "[a] person of the age of eighteen years, or older, of sound mind and memory, and not under restraint may make a will."

> A testator has capacity to make a will when he has sufficient mind and memory (1) to understand the nature of the business in which he is engaged, (2) to comprehend generally the nature and extent of his property, (3) to hold in his mind the names and identities of those who had natural claims upon his bounty, and (4) to be able to appreciate his relation to members of his family.

*In re Estate of Worstell v. Harold Todd, Inc., ex rel. Estate of Worstell*, 2d Dist. Montgomery No. 19133, 2002-Ohio-5385, ¶ 17, citing *Niemes v. Niemes*, 97 Ohio St. 145, 119 N.E. 503 (1917); *see also In re Estate of Marsh*, 2d Dist. Greene No. 2010CA78, 2011-Ohio-5554.

{¶28} Testamentary capacity is determined as of the time of the execution of the will. *Meek v. Cowman*, 4th Dist. Washington No. 07CA31, 2008-Ohio-1123, ¶ 9. However, "'evidence of the testator's mental and physical condition, both at the time of making the will, and within a reasonable time before and after its execution, is admissible as throwing light on testamentary capacity at the time of the execution.'" *Id.*, quoting *Riley v. Tizzano*, 4th Dist. Washington No. 06CA3, 2006-Ohio-6625, ¶ 12.

{¶29} "The burden of proof in determining testamentary capacity is on the party contesting the will." *Neumeyer v. Penick*, 180 Ohio App.3d 654, 2009-Ohio-321, 906

N.E.2d 1168, ¶ 47 (5th Dist.), citing *Kennedy v. Walcutt*, 118 Ohio St. 442, 161 N.E. 336 (1928). R.C. 2107.74 creates a presumption of the validity of a will, and included in this presumption is that the testator was of sound mind and possessed testamentary capacity to execute the will. *Id.*

{¶30} In granting summary judgment to Esther on the issue of testamentary capacity, the trial court reasoned:

> The court finds that even if Mr. Eidelman suffered from Alzheimer's or dementia, it does not appear that he was ever officially diagnosed, nor is there evidence that he was not lucid at the time of the making or execution of the will. Mr. Eidelman seemed to know the person around him, his family and his property, and he was clear about changing his estate plans.

{¶31} Joann argues that the trial court erred in reaching this conclusion given the expert opinion of Dr. Dines, who expressly stated that "it is more likely than not that [decedent] did not manifest testamentary capacity." Joann's argument, however, hinges on whether Dr. Dines's opinion was admissible and properly presented as Civ.R. 56 evidence to rebut Esther's motion. Having already found that it was not, Joann's argument therefore fails.

{¶32} The only other evidence that Joann offered in support of her claim that decedent lacked testamentary capacity was her own affidavit. The question therefore is whether this evidence sufficiently rebutted the presumptive validity of the June 22, 2011 will and the evidence offered by Esther. We find that it does not.

{¶33} Joann's affidavit incorporated her "chronology of events," detailing her relationship with the decedent, decedent's wishes upon his death, decedent's strained

relationship with Esther, decedent's declining health, the decedent's hospital stay at Hillcrest Hospital, and the decedent's subsequent transfer to Montefiore. In Joann's 18-page account of events, she relies on statements made by the decedent as well as others individuals to support her claim that decedent suffered from dementia and lacked testamentary capacity to execute the June 22, 2011 will. All of these statements, however, constitute inadmissible hearsay. Nor do they satisfy Civ.R. 56(E)'s requirement that the affidavit be based on personal knowledge. *See Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26, quoting *Black's Law Dictionary* 875 (7th Ed.Rev.1999) (personal knowledge is "'[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said'").

{¶34} To the extent that Joann accounted for some of her own personal observations of decedent in her chronology of events, we still find these references insufficient to raise a genuine issue of material fact. Joann describes the decedent as: (1) being "anxious * * *, agitated, and verbally abusive" toward her in May and June of 2011, (2) exhibiting signs of paranoia in May 2011, (3) exhibiting distorted speech and confusion on June 8, 2011 and June 14, 2011, and (4) experiencing "possible hallucinations on June 16, 2011." Notably, Joann fails to offer any evidence to corroborate these allegations contained in her affidavit. As this court has previously recognized,

> Generally, a party's unsupported and self-serving assertions, offered by
>
> way of affidavit, standing alone and without corroborating materials under

Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.

*Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004 -Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33.

{¶35} But aside from being self-serving, Joann's affidavit fails to rebut the affidavits of Buzney and Katz. Joann's affidavit, at best, evidences that the decedent was becoming increasingly more disenchanted with her. As for Joann's concern of the decedent "hallucinating," she describes this as a "possible" hallucination. Further, Joann failed to offer a single other affidavit or deposition testimony in support of her claims. Nor did she offer authenticated medical records to corroborate her claim.

{¶36} Moreover, Ohio law is clear that a party challenging a will must demonstrate more than just the decedent having suffered from an illness — "the plaintiff must also show that the illness actually affected the testator's capacity to execute the will." *In re Estate of Geohring*, 7th Dist. Columbiana Nos. 05CO27 and 05CO35, 2007-Ohio-1133, ¶ 54 (defendant was entitled to summary judgment because plaintiff failed to show that testator's Alzheimer's disease actually affected testator's capacity to execute the will); *see also Martin v. Dew*, 10th Dist. Franklin No. 03AP-734, 2004-Ohio-2520, ¶ 20 (summary judgment granted because plaintiff "offered no evidence that decedent was affected by dementia on the date she executed will, and the uncontradicted statements by the

individuals who witnessed her sign the will indicated she was alert, oriented, and had testamentary capacity").

{¶37} Here, Joann failed to rebut both (1) the presumption of validity afforded the June 22, 2011 will, and (2) the evidence presented by Esther as to decedent's testamentary capacity. Accordingly, we find no merit to her claim that a genuine issue of material fact exists as to testamentary capacity.

{¶38} The first assignment of error is overruled.


## Undue Influence

{¶39} In her second assignment of error, Joann argues that the trial court erred in granting summary judgment on her undue influence claim because genuine issues of material fact exist.

{¶40} The Ohio Supreme Court has explained that the doctrine of "undue influence," noting that "[g]eneral influence, however strong or controlling, is not undue influence unless brought to bear directly upon the act of making the will. If the will or codicil, as finally executed, expresses the will, wishes and desires of the testator, the will is not void because of undue influence." *West v. Henry*, 173 Ohio St. 498, 501, 184 N.E.2d 200 (1962).

{¶41} The essential elements of undue influence are: (1) a susceptible testator, (2) another's opportunity to exert influence on the testator, (3) the fact of improper influence

exerted or attempted, and (4) a result showing the effect of such influence. *Id.* at 510-511.

**{¶42}** Joann argues that the evidence construed in her favor reveals that a "confidential relationship" existed between decedent and Esther, namely, Esther was the decedent's power of attorney, and therefore a presumption of undue influence arises. Relying on the Eleventh District's decision in *Thorp v. Cross*, 11th Dist. Portage No. 97-P-0079, 1998 Ohio App. LEXIS 4885 (Oct. 16, 1998), Joann contends that "if a confidential relationship is found to have existed, there is a presumption that any transaction between [the decedent] and [the beneficiary] is invalid.*" Id.; see also Diamond v. Creager*, 2d Dist. Montgomery No. 18819, 2002-Ohio-916. Further, once a confidential relationship is established, "[t]he burden of going forward with evidence would then shift to [defendant] to show the absence of undue influence." *Id.*

**{¶43}** Conversely, Esther contends that the confidential relationship doctrine is inapplicable in this case. Relying on a different Eleventh District decision, Esther contends that the rebuttable presumption of undue influence does not arise in a will-contest case when (1) she is related by blood to the decedent, and (2) she was not involved in the drafting of the document. *See Lah v. Rogers*, 125 Ohio App.3d 164, 707 N.E.2d 1208 (11th Dist.1997) (applying the Ohio Supreme Court's holding in *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 567 N.E.2d 1291 (1991), that recognizes a presumption of undue influence does not apply to an attorney/beneficiary who is related by blood to the testator).

**{¶44}** We, however, need not resolve this issue because Joann's argument hinges on her establishing that Esther was the decedent's power of attorney and that she exercised her authority to influence the distribution of decedent's estate. The only evidence establishing this fact — the durable general power of attorney and the fee agreement attached to her brief in opposition — were never properly authenticated as required under Civ.R. 56(C). Therefore, there is no proper evidence before the court that creates a genuine issue of material fact. Indeed, the only proper Civ.R. 56 evidence that the trial court could consider in support of her claim were (1) those excerpts of Joann's own self-serving affidavit that were based on her personal knowledge, and (2) the decedent's March 29, 2011 will, wherein the decedent expressly disinherited Esther and bequeathed his entire estate to Joann. These documents standing alone, however, fail to raise an issue of fact of undue influence; nor do they establish a confidential relationship.

**{¶45}** Accordingly, the second assignment of error is overruled.

**{¶46}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (SEE SEPARATE OPINION)


SEAN C. GALLAGHER, J., DISSENTING:

{¶47} I respectfully dissent. Although I understand the well-reasoned analysis of the majority, I have concerns that given the unique circumstances of this case, a legitimate question of fact exists.

{¶48} Although the testimony of Sandra Buzney and Gilda Katz is compelling to support the view that the last will is presumptively valid, Smith's affidavit, despite its shortcomings, contains enough objective facts to create a valid material issue of fact that is in dispute on the issue of undue influence.