[Cite as *Wells Fargo Bank, Natl. Assn. v. Pollard*, 2019-Ohio-4980.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WELLS FARGO BANK,
NATIONAL ASSOCATION,                       :

      Plaintiff-Appellee,                :

                       No. 108257

      v.                                 :

MELVIN POLLARD,                            :

      Defendant-Appellant.               :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 5, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-898687

***Appearances:***

McGlinchey Stafford, and James W. Sandy, *for appellee*.

Melvin Pollard, *pro se*.

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Melvin Pollard, appeals the trial court's order granting plaintiff-appellee, Wells Fargo Bank National Association, summary judgment. He raises five assignments of error for our review:

1. The trial court erred by granting summary judgment against the defendant as there are genuine issues of material fact.

2. The trial court committed prejudicial error by disregarding O.R.C. 1343.01(A) that governs the interest chargeable on the Note, after Plaintiff conceded to, by failing to address claim.

3. The trial court committed prejudicial error in disregarding the forged signatures of documents used as proof of standing.

4. The trial court committed prejudicial error in accepting summary judgment affidavit as qualifying where nature of facts are question and conclusory.

5. The trial court committed prejudicial error in disregarding claim of notice of right to cancel that was conceded to, by failing to address. [sic]

**{¶ 2}** Finding no merit to his assignments of error, we affirm.

## I.    Procedural History and Factual Background

**{¶ 3}** On June 1, 2018, Wells Fargo Bank, N.A., filed a complaint for money damages and foreclosure against Pollard and his unknown spouse, and the United States of America. The complaint sought forfeiture of property located at 5149 Fowler Avenue in Cleveland, Ohio and alleged that Wells Fargo was the holder in possession of a promissory note and the mortgage deed for the property and that Pollard was in default of payment on the note and mortgage in the amount of $40,763.03, plus interest at the rate of 11.54% per annum since December 16, 2016. In its complaint, Wells Fargo stated that it included the United States of America as a defendant because it "has or claims to have an interest in the premises by virtue of Forfeiture Agreement and Notice of Lien," which were both attached to the complaint.

{¶ 4} Pollard filed his answer and a counterclaim against Wells Fargo. He stated that he was requesting $23,776.20 to be returned to him, alleging that it was "collected by Nationstar/Mr. Cooper under false pretense as being entitled to Note payments since November 2013 said transfer from Bank of America, as Defendant's counterclaim."

{¶ 5} In July 2018, Wells Fargo moved for summary judgment against all defendants.

{¶ 6} In August 2018, Wells Fargo moved for default judgment against Pollard's unknown spouse. Pollard opposed both motions and filed his own motion for summary judgment.

{¶ 7} On August 7, 2018, the United States of America filed an answer, admitting that it had an interest in the property on Fowler Avenue by virtue of a forfeiture agreement, objecting to the release of any lien of the United States not included in the complaint, and reserving its right to redeem.

{¶ 8} On December 17, 2018, the magistrate (1) found that Wells Fargo was in possession of the promissory note for the property, had the right to enforce the note, and had standing to bring its complaint; (2) disagreed with Pollard's argument that "the interest rate in his note causes him not to be in default" and was in contravention with R.C. 1343.01; and (3) determined that Wells Fargo's affidavit and supporting evidence was sufficient to meet its burden under Civ.R. 56(E) and that Wells Fargo "demonstrated all of the necessary elements of foreclosure." The magistrate granted Wells Fargo's motion for summary judgment against Pollard,

granted Wells Fargo's motion for default judgment against Pollard's unknown spouse, and denied Pollard's motion for summary judgment. The magistrate's decision concluded that under the promissory note, Pollard owed Wells Fargo $40,763.03, plus interest at the rate of 11.54% per annum from December 6, 2016. The magistrate determined that any right, title, interest, or lien that the United States of America had to the property was subsequent to Wells Fargo's lien.

{¶ 9} Pollard filed objections to the magistrate's decision, but on February 6, 2019, the trial court adopted the magistrate's decision and overruled Pollard's objections.

{¶ 10} On February 22, 2019, the order of sale was issued to the sheriff with an appraisal.

{¶ 11} Pollard filed a notice of appeal from the trial court's decision on March 1, 2019.

{¶ 12} On March 10, 2019, the notice of sale and approval of appraisers' fees was filed, and the trial court's journal entry stated that the sale was scheduled for April 8, 2019.

{¶ 13} On March 29, 2019, Pollard moved our court for a stay of the scheduled sheriff sale proceedings during the pendency of his appeal. On April 2, 2018, we denied his motion, stating, "Pursuant to App.R. 7(A), the stay must 'ordinarily be made in the first instance in the trial court' unless it is "not practicable" to do so. We do not find it impracticable for the appellant to file a motion to stay with the trial court."

{¶ 14} The trial court's docket reflects that the order of sale was returned on April 8, 2019, and that the property was sold on that date.

{¶ 15} On April 26, 2019, Pollard filed a motion to vacate judgment and approval of redemption. The trial court denied Pollard's motion, stating,

> In order to redeem, the amount of the judgment with all costs specified in the statute must be deposited. O.R.C. 2329.33. Defendant has indicated that he is attempting to deposit the sum of $18,282.37 but a review of the record reveals that the judgment in this case was $40,763.03 with interest at 11.54% per annum from 12/16/16.

The court ordered that confirmation of the sale be held until May 31, 2019, giving Pollard seven days to deposit the required money.

{¶ 16} On May 31, 2019, Pollard moved to set aside sale before confirmation and approval of redemption. The trial court denied his motion on August 12, 2019, again stating that Pollard failed to deposit the necessary amount to redeem.

{¶ 17} On August 19, 2019, Pollard filed a motion for reconsideration, which the trial court denied on September 4, 2019.[1]

## II. Law and Analysis

{¶ 18} Pollard's assignments of error all contest the trial court's grant of summary judgment to Wells Fargo, and as a result, we will address them together.

{¶ 19} An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d

---

[1] As of November 21, 2019, the trial court's docket does not reflect that it confirmed the sale of the property or that the proceeds from the sale have been distributed. The trial court's docket also does not reflect that Pollard moved to stay the sale, confirmation, or distribution of proceeds.

241 (1996). De novo review means that this court independently "examine[s] the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). In other words, we review the trial court's decision without according the trial court any deference. *Smith v. Gold-Kaplan*, 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 9, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997).

{¶ 20} Under Civ.R. 56(C), summary judgment is properly granted when (1) "there is no genuine issue as to any material fact," (2) "the moving party is entitled to judgment as a matter of law," and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made[.]" *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Because it ends litigation, courts should carefully award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 21} "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. Once the moving party has met his burden, it is the non-moving party's obligation to present evidence on any issue for which that party bears the burden of production at trial." *Robinson v. J.C. Penney Co.*, 8th Dist.

Cuyahoga Nos. 62389 and 63062, 1993 Ohio App. LEXIS 2633, 14 (May 20, 1993), citing *Harless* and *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991). "The moving party is entitled to summary judgment if the nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 446, 708 N.E.2d 1024 (8th Dist.1998), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

> To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17, citing *United States Bank, N.A. v. Adams*, 6th Dist. Stark No. E-11-070, 2012-Ohio-6253.

{¶ 22} We find that Wells Fargo provided evidentiary quality materials to support its motion and establish the above requirements. Attached to Wells Fargo's motion for summary judgment was an affidavit from Rebecca C. Wallace, a document execution associate for Nationstar Mortgage L.L.C., loan servicing contractor for Wells Fargo. The affidavit stated that Wells Fargo possessed the note and "all of the prerequisites required under the note and mortgage necessary to

accelerate the balance due on the note have been performed." According to Wallace's affidavit, Pollard was in default as of January 2017 and Wells Fargo sent a notice of default, and Pollard owed a principal balance of $40,763.03 plus interest at the rate of 11.54% per annum from December 16, 2016 as well as late charges and sums advanced for real estate taxes and assessments, insurance premiums, and property protection. The affidavit contained true and accurate copies of the adjustable rate note, showing that Pollard promised to pay Delta Funding Corporation $51,000 with a yearly interest rate of 11.540% on May 16, 2000; the mortgage; and chain of assignments. The chain of assignments included the recorded assignment of the mortgage, dated May 16, 2000, assigning Pollard's mortgage from Delta Funding Corporation to Countrywide Home Loans as servicer on behalf of Wells Fargo and a subsequent assignment of mortgage from Countrywide Home Loan to Wells Fargo, dated March 2, 2018. Also attached to the affidavit was a letter from Nationstar to Pollard, dated February 28, 2017, informing Pollard that he was in default and a document detailing Pollard's transaction history.

{¶ 23} In his attempt to meet his reciprocal burden on summary judgment, Pollard maintains in his assignments of error that (1) Wells Fargo did not demonstrate that it was the original mortgagee or the relevant chain of assignments; (2) Wells Fargo failed to attached sufficient evidentiary materials to support its motion for summary judgment; (3) Wells Fargo's affidavit did not establish that the affiant had personal knowledge; (4) the note and allonge were forged and do not establish that Wells Fargo had standing; (5) there were genuine issues of material

fact "concerning default where the overcharged annual rate of interest is a setoff available which is equal to or exceeds the amount of the indebtedness due at the time of said default[;]" and (6) the trial court failed to address Pollard's claim of notice of right to cancel. We find that all of Pollard's arguments lack merit.

{¶ 24} First, as discussed above, Wells Fargo attached documentary evidence establishing that, although it was not the original mortgagee, it was in possession of the note, that the mortgage was assigned to it on March 2, 2018, and Pollard was in default.

{¶ 25} Turning to Pollard's argument that Wells Fargo's affidavit was insufficient to show that the affiant had personal knowledge and to support Wells Fargo's motion for summary judgment (his fourth assignment of error), Civ.R. 56(E) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits[.]

{¶ 26} "'Personal knowledge' has been defined as 'knowledge of factual truth which does not depend on outside information or hearsay.'" *Residential Funding Co., L.L.C. v. Thorne*, 6th Dist. Lucas No. L-09-1324, 2010-Ohio-4271, ¶ 64, quoting *Modon v. Cleveland*, 9th Dist. Medina No. 2945-M, 1999 Ohio App. LEXIS 6147 (Dec. 22, 1999). Further, "an affiant's mere assertion that he has

personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E)." *Thorne* at ¶ 70. *See Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. An assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Thorne* at ¶ 70.

{¶ 27} Here, Rebecca C. Wallace's affidavit stated that she was a document execution associate for Nationstar Mortgage L.L.C., a servicing contractor for Wells Fargo. She stated that she "has access to the business records hereafter described and has personal knowledge of the contents thereof" and "has access to the loan file and computer databases associated with the loan which is the subject of this matter." She averred that the copies of the note, mortgage, and assignments of the mortgage were true and accurate copies and that Wells Fargo "is and was prior to the filing of the complaint herein, in possession of the note as evidenced by the [attached] collateral tracking sheet." She also averred that Pollard was in default, attached true and accurate copies of Pollard's history of transactions, and stated that Pollard owed a principal balance of the note of $40,763.03 plus interest at the rate of 11.54% per annum from December 16, 2016, in addition to late charges, real estate taxes and assessments, insurance premiums, and property protection. We find that the above establishes that Wallace had personal knowledge of the facts asserted in her affidavit and that Pollard's argument lacks merit.

{¶ 28} We next analyze Pollard's argument that the note and allonge were forged and did not establish that Wells Fargo had standing (his third assignment of error). We review whether a party has standing de novo. *Bank of Am. v. Lynch*, 8th Dist. Cuyahoga No. 100457, 2014-Ohio-3586, ¶ 31. In *Lynch*, we stated:

> A party may establish its interest in the suit, and thus have standing, when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note. *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

*Id.* at ¶ 32.

{¶ 29} As stated above, attached to Wells Fargo's motion for summary judgment was an assignment of the mortgage showing that the mortgage was transferred to Wells Fargo on March 2, 2018, as well as an affidavit from Rebecca C. Wallace stating that Wells Fargo was in possession of the note. *See Lynch* at ¶ 38 (Bank of America had standing to initiate the foreclosure action because it attached a copy of the relevant assignments to its motion for summary judgment.).

{¶ 30} We are unable to ascertain what Pollard's argument is with respect to his claim that the documents were forged. It seems that Pollard is arguing that the documents are forged based on his own comparison of signatures found on the documentary evidence attached to Wells Fargo's motion for summary judgment. Pollard's self-serving allegation of forgery without any credible evidence, however, is not enough to create a genuine issue of material fact. *N. Eagle, Inc. v. Kosas*, 8th

Dist. Cuyahoga No. 92358, 2009-Ohio-4042, ¶ 26. Therefore, his argument lacks merit.

{¶ 31} Pollard next argues that summary judgment was improper because he was overcharged for the annual rate of interest (which is his argument in his second assignment of error). He cites to R.C. 1343.01(A), which states, "The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually, except as authorized in division (B) of this section." Subsection (B), however, creates exceptions to that rule, stating that a party may agree to pay an interest rate in excess of 8% per annum in a number of circumstances, including when "the instrument evidences a loan secured by a mortgage, deed of trust or land installment contract on real estate which does not otherwise qualify for exemption from the provisions of this section[.]" R.C. 1343.01(B)(4). Here, the note, secured by a mortgage, stated that Pollard agreed to pay an annual interest rate of 11.54%. Therefore, he was not overcharged, and his argument lacks merit.

{¶ 32} Finally, Pollard argues that summary judgment was improper because he rescinded his loan (his fifth assignment of error).

{¶ 33} Foremost, Pollard did not raise this argument in his opposition to Wells Fargo's motion for summary judgment, and he has therefore waived it. *See Nationstar Mortgage, L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-

Ohio-1289, ¶ 42 (" It is well established that a party cannot raise new issues for the first time on appeal that he or she failed to raise before the trial court.").

{¶ 34} Even assuming Pollard did not waive his argument,

> 15 U.S.C. 1635(a) [(the Truth in Lending Act)] grants a right of rescission on any mortgage loan transaction for which the borrower uses his or her principle dwelling as security. This right of rescission generally extends to midnight of the third business day following consummation of the transaction. The borrower may rescind the loan transaction entirely if the lender fails to deliver certain forms or disclose important terms accurately. This right of rescission expires three days after the loan closes or upon the sale of the secured property, which ever date is earlier.

*Argent Mtge. Co. v. Ciemins*, 8th Dist. Cuyahoga No. 90698, 2008-Ohio-5994, ¶ 27. "If, however, the lender fails to provide the necessary notices of that right, the borrower has up to three years to rescind the transaction." *Deutsche Bank Natl. Trust Co. v. Forgues*, 8th Dist. Cuyahoga No. 103613, 2016-Ohio-4702, ¶ 2, citing 15 U.S.C. 1635(a). *Accord Bank of N.Y. v. Jordan*, 8th Dist. Cuyahoga No. 88619, 2007-Ohio-4293, ¶ 56 ("This right of rescission expires three years after the loan closes or upon the sale of the secured property, whichever date is earlier."). That three-year period is not subject to equitable tolling. *WM Specialty Mtge. v. Mack*, 5th Dist. Licking No. 2008 CA 00125, 2009-Ohio-2590, ¶ 27, citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

{¶ 35} Here, the loan closed on May 16, 2000. Assuming for sake of argument that Pollard was not provided the necessary notices, Pollard had three years to rescind the loan; that is, he could rescind until May 16, 2003. As evidenced by Pollard's affidavit and signed notice of right to cancel, he did not attempt to

rescind the loan until August 2017, which was 14 years after his right expired. Therefore, his argument lacks merit, and the trial court did not err in disregarding his claim and granting Wells Fargo summary judgment.

**{¶ 36}** Accordingly, we overrule Pollard's assignments of error.

**{¶ 37}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR